May it please the Court, my name is Corey Stigle and I represent the appellant Haim Revah. This is a case where the government is seeking to collect tax on the same item twice. And importantly, I want to start out by emphasizing that this is not an appeal from a refund suit. Rather, it's an appeal from a collection action where the taxpayer raises a defense that, hey, I've already paid this tax once. Counsel, I know that you're a physician and I know you're familiar with the state of Branson, which sets forth the tests regarding equitable recoupment. But you concede, I'm sure, that this entire matter was heard before the Office of Appeals and Officer Wong. Your only out is if you can somehow raise a distinction between a refund proceeding and a collection proceeding. While I give you credit for being ingenious, where's the case law? Is there anything you can point to that shows that for purposes of equitable recoupment, there is the slightest difference between those two types of proceeding? Yes, Your Honor. Actually, the main difference between those proceedings and this proceeding lays in the case law itself. And that's in those claims. Which case or cases? Well, specifically Dahm, Your Honor, which is the main case that says that if it's a barred refund, you're dead. There, there was no timely proceeding because it was raised in the first instance in the district court in a refund proceeding, but the claim was barred. Well, here, Congress set forth a mechanism, a collection due process hearing, in which a taxpayer can raise any relevant issue to the collection action. And there's a non-exclusive list of things you could bring up in those hearings, and one of those is the appropriateness of the collection action. Well, let me ask you this. Do you agree that in the refund claim action before the Office of Appeals, that you raised each and every argument that you raised in this appeal? No, Your Honor. Why did you not raise there that you are raising here, other than the type of the proceeding? There was no meaningful opportunity in that initial appeal, which was an appeal from a refund claim, to address whether the distinction of raising a refund or raising a collection action in a collection defense. Well, I just distinguished those two. Other than the difference, if any, between a collection action and a refund action for purposes of equitable recoupment. But at least as I understand the record, you made all of the arguments that you're making here before the Office of Appeals, the only difference being that it's a different type of proceeding. And one of the characteristics, one of the requirements rather, in the state of Branson is that you have not tried to have the same action reversed. And that's really what we're stuck with here. Do you have any case law that specifically says that even though you have tried equitable recoupment in a refund claim, that despite Branson, you can try it again, all over again, on exactly the same basis in a collection action? Your Honor, I think we agree with my colleague that it's an issue of first impression. Okay. So that's what I want to get clear. You are asking us to make law to give you success in this case. Is that a fair statement? We're asking you to affirm the tax court's decision in which it itself said that it had jurisdiction. So on that issue of the tax court being able to evaluate the equitable recoupment issue, there's already a case that says that there's jurisdiction in the tax court. It's the tax court's decision. I'm not talking about jurisdiction. I'll concede you the jurisdictional issue, but I don't see how you get around the elements of Branson. And I gather you are conceding that in order for you to be successful on this, we have to make law in this issue of first impression. Your Honor, I think when you refer to appeals having referred to issues, I think we really need to break that into two appeals hearings. The first appeals hearing was the appeal of the refund claim. We agree that was time barred. But right in the appeals memorandum following that hearing, appeals said, hey, the refund statute is barred. We can't hear this. Whatever else the appeals officer then considered and stated in dicta about, well, if it wasn't barred, would equitable recoupment apply, that's not a meaningful opportunity to dispute the issue. It wasn't even timely in the first instance. Now, enter the second appeals conference, here for the first time raising the collection defense. That was the first opportunity to dispute it in a collection action. So we disagree that there was a prior opportunity to hear that issue. Any dicta that the first appeals officer commented after saying, hey, I can't even consider this. And then further in the second appeals conference. So let me be sure I understand you correctly. Is it your position that Officer Wong did not, first of all, you did not make the same arguments and that she did not respond to those arguments in the refund hearing? Is that your position? No. I think when you read the appeals memorandum, it actually delineates. There is a short discussion in there of equitable recoupment. We don't deny that.  No, and I understand your position that because this is a collection action, not a refund action, it's different. But the reality is that all of the elements, at least as I read the record, all of the elements that are required under Baumann, you raised them with Officer Wong. She considered them and rejected them on the basis, well, several bases. We don't need to go through that right now. But what I'm dealing with is Section 6330C4A little I that says that the taxpayer, and I'm paraphrasing to some degree, can't raise an issue raised at the CDP hearing if it was, in quotes, raised and considered at a previous hearing or in any other previous administrative or judicial proceeding. That's what I'm struggling with. Your point is that, okay, it says that, but that doesn't mean it applies in a collection context. But there's no case law unless we give you a case that says you can. Well, there's case law in equitable recoupment, but the bar there was that it wasn't a timely action. Here we actually have a timely action both in the initial CDP conference and then timely appealed to tax court and then timely appealed here. So it's not a case where the statute of limitations barred a suit against the government. You don't get into the ‑‑ But that's why you raised it in the first place, wasn't it? To try to get around the statute? Well, Your Honor, actually, in every instance where there's an equitable recoupment claim, the statute is barred. That's just the equitable recoupment. That's why you use it. But I'm saying it's not new. Equitable recoupment is longstanding, yes, Your Honor. Right, right. And the concept that you use it to get around statute of limitations is not new. But what is new, Your Honor, is the collection due process proceedings, which didn't even exist back in Bull. And, in fact, at that time, the tax court wasn't even an Article I court. So, I mean, we have a new procedure that Congress put in place in 1998. And, I mean, in the legislative history, it contemplates a meaningful opportunity to dispute the collection action. So, Tom, from your perspective, whatever a taxpayer asserts in a CDP hearing that deals with a refund, right now we're talking about equitable recoupment, but your concept would probably apply in any number of other areas. Absolutely not. You can assert whatever you want there, and if you lose, then if there's a collection, you can go all over and do the same thing all over again. No, Your Honor. Only in the limited circumstances where equitable recoupment applies. For instance, another provision that allows mitigation are the mitigation provisions. Those are statutory provisions, and they're not met because they're not timely raised, and you don't meet the specific elements of that statute. So, no, you could not raise that in the collection due process hearing. Okay, but what about rights other than equitable recoupment that are not just creatures of statute? Are you suggesting there are none? No, absolutely. Other equitable issues could be raised. For instance, Judge Thomas, in a recent opinion, the government there appealed here as well, following the tax court's application of equitable remedies, because there in the collection due process hearing, the government wouldn't give credit for a levy amount, and the tax court said, no, you need to reduce the amount you're collecting by this equitably by the amount that you levied. But that started in a collection proceeding and finished in a collection proceeding. I'm talking about if you first raise it in a refund proceeding, lose, and then go to a collection proceeding, which is what we're dealing with here. Yes, can you repeat the question? Okay. I would not question the wisdom of my colleague's opinion. I'm sure it was excellent, but it dealt with a collection matter from the beginning. My question to you was, could you take the same principle that my colleague applied in the collection matter, try it in an original refund proceeding and lose, and then be able to bring the same thing in a collection action? Well, Your Honor, actually because the nature of disputing the underlying liability versus disputing the appropriateness of a collection action are fundamentally different things. You wouldn't bring up a collection action-type issue in a proceeding where you're looking at the substantive issue. Here, we have no problem with the amount of liability that was agreed to in the other year. We're just saying as a matter of equity, it's already been paid. So if we get to the merits of equitable recoupment, how are the taxes here inconsistent? Your Honors, the taxes are inconsistent because they're effectively paying tax without the benefit of the same deduction twice. It's pretty much just like the opinion in Gooch, although now Gooch was overruled in the Supreme Court, but on procedural issues that are no longer present. At the end of the day, it plays out into how inventory impacts the cost of goods sold computation. And there was an audit in 2000, and they made an adjustment to inventory that increased inventory. The ending inventory of the year was higher, therefore cost of sales was lower. The ending inventory, of course, is the beginning inventory in the next year. It's the exact same item. Since the beginning inventory was higher, cost of sales is higher. It's beginning inventory plus purchases minus ending inventory. So computationally, by moving the inventory from year one to year two, it's a timing difference. So just like, for instance, if you paid your mortgage interest, say, in December, but it was unclear if you paid it in December or January, you get the deduction in one of the two years. Not both years, but not either year. You get one of the years. Here, they got neither year, so they ended up paying the tax twice. But the tax imposed was a consistent tax. The results were inconsistent, but it's not as though you had two separate taxes that were imposed on the transaction that had underlying inconsistent theories, right? No, Your Honor. There's actually two inconsistent theories. There's a theory that the deduction was permitted in year one, and there's a theory under which the deduction was permitted in year two, just like in Gooch. And the government has argued the same position in other cases. For instance, in Crosette, I think it was an Eighth Circuit case. The government argued the same thing that we're arguing here, and now they're saying we can't argue. So the government's used timing differences as well. Timing differences can be inconsistent theories. And in particular, when you look at the language of Internal Revenue Code Section 6214B, and that was the new language that was added in 2006 and what makes it fundamentally different than the law at the time of Gooch and Branson. When you look at that, it's specifically saying, after the sentence where the government or, excuse me, where the code says that you can't apply payments from other years, so there you'd be looking at two income tax years that could be inconsistent positions. It says notwithstanding that, the court can consider equitable recoupment to the same, the tax court, to the same extent as the district courts. And in the district courts, we have examples, like Crosette, where the government argued the same, that it was an inconsistent position. You're done for about a minute. Do you want to reserve? Yes, sir. Very good. Good morning, Your Honors. My name is Bridget Rowan. I'm with the Department of Justice, and I'm representing the Commissioner of Internal Revenue as the appellee in this case. May it please the Court, I think I would like to begin by stressing that a collection due process proceeding is a limited proceeding that's hedged with various statutory qualifications. We submit that two of those qualifications apply in this particular case to bar consideration of equitable recoupment in this particular collection matter. We submit that equitable recoupment goes to the merits of the taxpayer's liability, and it's not a free-floating sort of collection alternative, which is, as I understand it, the argument that the taxpayers are making. It's not in the nature of an offer in compromise or something of that sort. The first statutory bar, which I think has been alluded to already in the argument, is Section 6330C4A, and that applies when the taxpayer has had a previous – it's an issue preclusion sort of bar. So where the taxpayer has had an opportunity in any administrative proceeding, there's no particular limitation, any administrative proceeding or judicial proceeding. That's what I cited earlier, right? Yes, Your Honor. And it's the Commissioner's position that that bars any reconsideration in a collection proceeding. It's not a free-floating situation. That's exactly our position, Your Honor. So do you think that an equitable recoupment theory is cognizable in a refund proceeding? In a refund proceeding? Yes. In an appropriate refund proceeding, yes, Your Honor. Where the statute – I mean, the problem in DOM, for example, was that the refund suit was time-barred, so the taxpayer was out of luck there. But if there is jurisdiction over one action and there has been an inconsistent double tax on a transaction and the other aspect is time-barred, it's appropriate to raise equitable recoupment. And I think there are – I'm not sure whether the cases in this Court were refund suits or tax court cases, but Branson and Catalano and so forth, there is no particular bar in a refund suit per se. I gather what counsel's argument is, is that in this particular case, equitable recoupment would have been fruitless in the refund proceeding. And therefore, even though it was asserted there, he didn't forfeit his right to bring it in later. Well, the reason it was – Do you think it was cognizable in this particular case? In the refund? Right, in the refund proceeding. Well, it was – I'm afraid it was doomed to failure wherever they went because we submit it's not a proper equitable recoupment case. But I think his position is that it failed for different reasons in the refund proceeding as opposed to in the collection proceeding. If that's true, I mean, if there are different standards that apply, then issue preclusion might not apply in this instance. I don't – we would disagree that there's any kind of different standard applied or that in the refund context, in the administrative proceeding before the appeals officer, Appeals Officer Wong, she fully considered the elements of equitable recoupment to see whether they apply to taxpayer situation. And she concluded after hearing the taxpayer's presentation and after analyzing the applicable law that it simply did not apply in this situation. But I understand that Officer Wong concluded that the REBAs didn't meet the requirements for equitable recoupment because they couldn't show that they've been subjected to two taxes on inconsistent theories and that it was unclear whether the NOLs constituted one single taxable event. So the statute of limitations really didn't enter into her consideration, at least on the merits of it. Is that a fair statement? I think that's a fair statement, Your Honor. She looked at what the transaction was and she said, here, this doesn't meet the criteria for equitable recoupment. requires something that's unfair, inherently unfair, and that the government is imposing a double and inconsistent tax on the same transaction in a situation where the taxpayer has no remedy to do the offset because of a bar in the statute of limitations. So what do we do with the concept? I'm not sure I agree with the petitioner on this point. But let's just say hypothetically that Officer Wong's response to the equitable recoupment petition was entirely based on the merits and had nothing to do with the statute of limitations, but later on, say, in an appeal, they considered that maybe it never would have been successful in the first place because of a statute of limitations. Would Officer Wong's consideration of the merits on the two points that I mentioned be sufficient to bar a reassertion of that claim under 663LC4A? I guess I would have to say, Your Honor, that it would be sufficient if the taxpayer has had the opportunity to raise the issues. Which happened here, at least according to the record, right? Stably and fairly, which is, I think, reflected in the record. There's a fairly lengthy report in the record at 375 to 384, and that's what the statute seems to contemplate, that you get a chance to address, you raise your issue in another administrative proceeding or in a judicial proceeding, and then you can't do it again. As long as the administrative officer in that proceeding actually had the authority and jurisdiction to reach the issue. In other words, if you reach a, raise a completely, I wouldn't say frivolous, but an issue that's beyond the scope of the power or the jurisdiction of a particular administrative officer or judicial officer, then issue preclusion really doesn't apply because that officer would not have the authority to enter a judgment. That's an interesting point, Your Honor. Well, I mean, I think it's given black-letter law, certainly, and race judicata, and issue preclusion law judicially, but I think it's probably true in administrative law, too. If you're raising a point that the officer has no authority or jurisdiction to grant on, then it's hard to say that they're precluded from raising it before proper authority. I say that because I'm just wondering whether that's the case here or not. Well, I would submit that it was not the case that Revenue Officer Long had, was fully authorized to consider the merits of their refund claim, and their argument in behalf of their refund claim was that equitable recoupment should apply to enable them to proceed their claim. Did the petitioner even assert that Officer Long didn't have jurisdiction? I thought their position was that only the tax court did not have jurisdiction. Did they also assert that with respect to Officer Long? I do not recall that they ever asserted that, Your Honor. So if they didn't assert it, that probably ought not to trouble us. I think that's fair to say, Your Honor. Well, I think his argument here, though, just to make sure that we refine it, is that once Officer Long found that the statute of limitation precluded the claim, then the rest was dicta. True or not? I don't think that vitiates the fact that the taxpayer had an opportunity to raise the equitable recoupment claim. They're raising the same theory here. I'm not sure that it makes any difference either, but I think there's some force in the argument that it probably was dicta. Do you think? Do you agree? I'd have to think about that, Your Honor. I'm not sure that that is the case. Would it be the commissioner's position that if my colleague were correct in the hypothetical or the assertion, would the commissioner's position be that what the court, what we should do is, okay, fine, let's move it over to the collection setting and then consider the same merits that Wong did and find that it didn't apply in any event because it doesn't meet the tests required by law? Well, that is our alternative. That's a fallback. That is our alternative argument. I'm brief, and we spend a considerable portion of time in our brief, I think, addressing why we think equitable recoupment just doesn't apply to this particular case. It's an unfortunate situation that the taxpayer finds himself in, but it's more of a garden variety missing the opportunity to file a claim when the statute was open, because when the audit concluded in April of 2005, the taxpayers had until October to file their claim with respect to 2001, where because of the correction of the erroneous inventory adjustments, the income in 2001 was greatly reduced and the NOLs were quite large, and the taxpayer could have filed a claim to carry those back to 1996, which then generated a refund which they could have used to offset 97 and 98. Right. I understand that's the way NOLs work. What is, and I haven't reviewed Crescent, and I will, but what's your position on your opposing counsel's argument that the government took the position at Crescent that timing itself could be construed as an inconsistent tax? I didn't read Crescent that way. Crescent is a very difficult opinion to parse out exactly what is going on, and it's also a very old opinion that has a lot of language that I think has been modified by subsequent Supreme Court authority, by subsequent circuit court authority. Right. I think he was more driving at what the government's position was in Crescent. Are you familiar with that? It was not my take on it that we were saying that timing difference was the linchpin of the equitable arguments there, but I suppose it's theoretically possible that if a timing difference, a transaction and a timing difference were inconsistently taxed, that a taxpayer would then have the argument that, okay, you're asserting two taxes on this transaction, and you're making two inconsistent timing arguments. That's not right, and we're barred from correcting one of them. So that's not what happened here. Everybody was on the same page. The accounting, inventory accounting issues were errors, as reported in 99 and 2000, and everybody agreed that they should have been, were corrected properly. So there was nothing inconsistent about that. Income was just declared in the appropriate year as opposed to the years in which it had previously been declared. So, yes, it's timing, but there's nothing inconsistent in this particular case about that. I did want to mention another, what we think is another statutory bar to consideration of this issue of equitable recoupment in the CDP proceeding, and that's the 6330C2B bar, which is triggered when a taxpayer has had the prior opportunity to contest the merits, and that would refer to the 97 and 98 years, which are the actual years before the court in the CDP proceeding. The taxpayers agreed to those deficiencies, and they signed waivers, the 4549 forms. And in those waivers, they agreed that they would forego any tax court contest to that. Now, that would not preclude them from paying the taxes for those years and seeking a refund within the limits of 6511. Which tax years were those again, please? Those are 97 and 98. Those are actually the deficiency years, because when the NOLs were all corrected, it meant that the taxpayers had previously used over-declared NOLs, and they actually got rather large refunds. But they weren't entitled to all of the refunds that they received. They were entitled to some, but not the entire amount. So your position would be that they can't even make the assertion at all in the collection as to those two years, right? Because they have waived that right. That's correct, Your Honor. But you're also saying they have another remedy, perhaps, on that? Well, it would depend on the timing of the payment and under 6511B and how much would be recoverable. But that would be an avenue, not that I would want to encourage more litigation of the particular case. Well, no, no. Actually, I was thinking more of mediation, if there's a way to bring all of these tax issues and settle them in one forum, that our circuit mediator might be able to resolve and, you know, forfend another round. There were, yes. There were certainly diligent efforts, and the mediation office here is quite a great asset, and is helpful in resolving many cases. But I did want to mention that other statutory bar. We're not completely hanging our hat on the issue preclusion, although we think this case is foursquare on that. So that being the case, in a collection due process matter, they're not really intended to be proceedings where the merits are addressed, unless the taxpayer has not previously had an opportunity to address those merits. Because the taxpayers waived that opportunity with respect to 97 and 98. They're barred for that reason as well. Any further questions? No. Thank you, counsel. Thank you. And we'll give you two minutes for rebuttal. Thank you, Your Honor. Well, first of all, I won't go directly into the dicta thing again. I think you understand my point. However, practitioners are faced with a conundrum when they're approaching a case. And I think we came in at the CDP level. But at what point do you raise issues? Do you raise it at the first opportunity you can to try to resolve something? Or do you just say, you know what, I'm just going to wait for him to try to collect, and then I'll just raise everything in that issue, or in that proceeding? And there's actually a lot of debate right now over what's the appropriate time to raise certain collection issues. Or do you just wait for a collection due process because you get your ticket to tax court? So I just submit that to have a pitfall where the taxpayer has to choose a particular venue, if your issue isn't even heard, you should be able to raise it in a collection due process. But, counsel, I'd be the first one to admit that this area can be very, very complex. But we have this all the time in administrative law. I mean, failure to exhaust administrative remedies or barring yourself because you did something at a lower level happens all the time in Indian affairs. It happens in immigration. It happens in all kinds of things. So while I empathize with you about the complexity of the area, this is certainly not unique to the tax field. It's just part of what the law is. Yet the 6330 does state any relevant issue. And there they raise the issue. Do you want to address the two statutory issues raised by Ms. Rowan? Your Honors, there are, with respect to disputing the underlying liability, we do not, in 6330, you can't dispute the underlying liability if you've already had an opportunity to dispute it. I think that's one of the two you're referring to. Here we're not disputing the underlying liability. The liability in the form 4549 that was signed at the end of the audit that said this is the liability for 97 and 98, we're not disputing that liability. Our argument is that he's already paid tax on that same item. So we're not disputing the underlying liability. Now, whether the court, if it were to move in this direction to consider the equitable recoupment argument, whether you consider that to be part of the existence of the underlying liability or just fall under consideration of the appropriateness of the collection action, which is an independent way you could consider it, that's for you all to decide. But it's not a bar because that's only one of all the relevant issues that could be raised in the equitable recoupment proceeding. And I'm not quite sure of the second statutory issue. I think you've addressed it. You're talking about the previous refund proceeding preclusion. Yes, Your Honor. Any further questions? Thank you both for your arguments. Thank you.
judges: Thomas, Smith, Christen